# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1569V

|  |  |
|---|---|
| KATIE PERETTE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 23, 2024 |

*John David Blaisdell*, Keches Law Group, Bridgewater, MA, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 6, 2021, Katie Perette filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered she suffered a shoulder injury as a result of a November 20, 2018 vaccination. Petition, ECF No. 1. On June 21, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 35.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,246.79 (representing $28,700.00 in fees, plus $1,546.79 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion"), filed Nov. 28, 2023, ECF No. 40. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out of pocket costs expenses. Id. at 5.

Respondent reacted to the motion on Nov. 29, 2023, noting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 41. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following hourly rates for Attorney John D. Blaisdell: $400 per hour for time billed in 2020-21, and $500 per hour for time billed in 2022-23. ECF No. 40-2. Some of these rates require adjustment.

Mr. Blaisdell represents that he has been a licensed attorney since 2002 (ECF No. 40-1), placing him in the rage of attorneys with 20-30 years' experience based on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[3] Although the requested rates are within the appropriate experience ranges, Mr. Blaisdell does not have demonstrated Vaccine Act experience. It is therefore improper for Mr. Blaisdell to receive rates established for comparably experienced counsel who also have lengthy experience in the Program. See *McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

**Rather, I find it reasonable to compensate Mr. Blaisdell at the lesser rate of $400 per hour for all time billed in this matter,** including 2022-23**.** This reduces the amount of fees to be awarded herein by **$2,830.00**[4]

## ATTORNEY COSTS

Petitioner requests $1,546.79 in overall costs. ECF No. 40-4. This amount is comprised of obtaining medical records, postage fees, and the Court's filing fees. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $115.89 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Additionally, I deny $303.00 in requested costs from bar admission fees and

---

[3] The Attorneys' Fee Schedule are available at http://www.cofc.uscourts.gov/node/2914.

[4] This amount consists of: ($500 - $400 = $100 x 28.30) = $2,830.00

certificate of good standing. The Vaccine Program does not reimburse fees associated with the Court's bar admission process, nor application fees for the certificate of good standing. Thus, I disallow such costs reducing the total amount of litigation costs by **$418.89.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$25,617.90 (representing $24,490.00 in attorney's fees and $1,127.90 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, John D. Blaisdell.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.